```
 1                  UNITED STATES JUDICIAL PANEL
                                ON
 2                      MULTIDISTRICT LITIGATION


 3
     LOCATION OF HEARING SESSION:
 4   JAMES A. BYRNE UNITED STATES COURTHOUSE
     CEREMONIAL COURTROOM, 1ST FLOOR
 5   601 MARKET STREET
     PHILADELPHIA, PA 19106-1797
 6
     TUESDAY, 9-27-11
 7
     PANEL ON MULTIDISTRICT LITIGATION
 8
     JOHN G. HEYBURN II
 9   CHAIRMAN

10   KATHRYN H. VRATIL        BARBARA S. JONES
     FRANK C. DAMRELL, JR.    MARJORIE O. RENDELL
11   PAUL J. BARBADORO

12   MDL NO. 2281  IN RE:  GLOBAL DISTRIBUTION
     SYSTEMS(GDS)ANTITRUST LITIGATION
13
     APPEARANCES:
14
     STEVEN J. KAISER, ESQUIRE
15   CLEARY GOTTLIEB STEEN & HAMILTON LLP
     WASHINGTON, DC
16   REPRESENTING SABRE INC., SABRE HOLDINGS CORP AND SABRE
     TRAVEL INTERNATIONAL LTD
17
     PETER E. MOLL, ESQUIRE
18   CADWALADER, WICKERSHAM & TAFT LLP
     WASHINGTON, DC
19   REPRESENTING USAIR


20


21            SUZANNE R. WHITE, CM
         FEDERAL CERTIFIED REALTIME REPORTER
22          FIRST FLOOR U. S. COURTHOUSE
               601 MARKET STREET
23              PHILADELPHIA, PA 19106
                 (215)627-1882
24
     PROCEEDINGS RECORDED BY STENOTYPE-COMPUTER,
25   TRANSCRIPT PRODUCED BY COMPUTER-AIDED TRANSCRIPTION
```

```
1                    JUDGE HEYBURN:  NEXT IS 2281.  THIS IS
2      THE GLOBAL DISTRIBUTION SYSTEMS ANTITRUST CASES.
3                    MR. KAISER.
4                    MR. KAISER:  MAY IT PLEASE THIS PANEL, I
5      HAD THE UNFORTUNATE SITUATION WHERE I HAVE THE SAME
6      SITUATION AS THE LAST GROUP WHICH IS WE HAVE TWO CASES
7      HERE BUT I THINK FUNDAMENTALLY THE ISSUE HERE IS NOT SO
8      MUCH COORDINATION DISCOVERY ALTHOUGH THAT IS AN
9      IMPORTANT ISSUE.  THESE ARE ANTITRUST CASES.  THERE IS
10     GOING TO BE A LOT OF DISCOVERY.  WE HAVE TWO AIRLINES,
11     TWO OF THE FOUR LEGACY AIRLINES THAT ARE LEFT IN THIS
12     COUNTRY HAVE SUED MY CLIENT, SABRE, OVER SABRE'S
13     BUSINESS PRACTICES ACROSS THE BOARD.  THEIR CONTRACTS
14     WITH TRAVEL AGENTS; THEIR CONTRACTS WITH AIRLINES,
15     SABRE'S UNILATERAL CONDUCT.  SO WHAT WE ARE LOOKING AT
16     ARE TWO CASES; ONE IN THE NORTHERN DISTRICT OF TEXAS
17     BROUGHT BY AMERICAN AIRLINES; ONE IN THE SOUTHERN
18     DISTRICT OF NEW YORK BROUGHT BY U.S. AIRWAYS ALLEGING
19     THE SAME THINGS, COMPLAINING ABOUT THE SAME CONDUCT, THE
20     SAME CONTRACTS.  THE CASES COULD NOT BE MORE SIMILAR IF
21     THEY WERE NOT LITERALLY IDENTICAL SO THAT IS WHAT WE ARE
22     FACING AND THEN WE COME TO THE ISSUE ABOUT TWO CASES AND
23     ONLY TWO CASES?
24                    WELL, THE FACT IS WHAT WE HAVE SO FAR
25     DEMONSTRATES WHY THESE CASES REALLY SHOULD BE
```

1  CENTRALIZED AND MAYBE MORE SO FOR THE JUDICIARY THAN FOR
2  US BUT FOR US AS WELL, AND THAT IS, THAT JUDGE CEDARBAUM
3  IN THE SOUTHERN DISTRICT OF NEW YORK IN THE U.S. AIRWAYS
4  CASE SINCE THE PAPERS WERE FILED DISMISSED TWO OF THE
5  CLAIMS; TWO OF THE KEY CLAIMS, AND PROBABLY THE TWO
6  CLAIMS IN THE U.S. AIRWAYS CASE.  IMMEDIATELY AFTER THAT
7  AS YOU MIGHT IMAGINE SOME OF THE OTHER PARTIES IN THE
8  AMERICAN AIRLINES CASE IN TEXAS, BROUGHT THAT OPINION TO
9  THE ATTENTION OF JUDGE MEANS, AND OF COURSE, AMERICAN IS
10 NOW BEFORE JUDGE MEANS SAYING WE DON'T FOLLOW WHAT JUDGE
11 CEDARBAUM DID.  GO YOUR OWN WAY.  SHE IS WRONG.  SHE
12 DIDN'T HAVE THE SAME FACTS, WHATEVER.  AND THAT IS BEING
13 LITIGATED AND AT SOME POINT JUDGE MEANS WILL RULE.  SO
14 IT IS NOT AN ISSUE OF THE LAWYERS COORDINATING IT.  IT'S
15 REALLY AN ISSUE OF, ARE WE GOING TO BE FACING
16 INCONSISTENT PRETRIAL RULINGS ON THESE VERY IMPORTANT
17 ISSUES, WHICH WILL VERY MUCH FEED INTO DISCOVERY AND
18 WHICH WILL FEED INTO THE BURDEN THAT THESE CASES PUT ON
19 THE JUDICIARY AND ON THE PARTIES AS WELL.  SO ALTHOUGH
20 IT'S CLEARLY NOT THE USUAL CASE WHERE THIS PANEL WOULD
21 PROBABLY CONSOLIDATE TWO CASES, OBVIOUSLY THE PANEL HAS
22 IN THE PAST, IS AUTHORIZED TO BY CONGRESS, AND THIS IS
23 THE CASE THAT REALLY SHOULD BE CENTRALIZED FOR PRETRIAL
24 PROCEEDINGS.
25              THERE HAS BEEN SOME DISPUTE ABOUT VENUE.

```
 1    WE HAVE SUGGESTED THE NORTHERN DISTRICT OF TEXAS, THAT
 2    IS THE MOST GEOGRAPHICALLY CENTRAL.  THAT IS WHERE WE
 3    ARE HEADQUARTERED.  THAT IS WHERE AMERICAN AIRWAYS IS
 4    HEADQUARTERED.  THAT IS WHERE ONE OF THE CASES IS
 5    PENDING, AS I MENTIONED.  U.S. AIRWAYS IS HEADQUARTERED
 6    IN PHOENIX MUCH CLOSER TO DALLAS THAN NEW YORK BUT AT
 7    THE END OF THE DAY, THAT IS NOT OUR PRIMARY CONCERN.
 8    OUR PRIMARY CONCERN IS TO AVOID INCONSISTENT RULINGS,
 9    AVOID DISPOSITIVE ISSUES ALSO ON DISCOVERY AND GET THIS
10    CASE BEFORE ONE JUDGE WHO CAN DEAL WITH IT MOST
11    EFFICIENTLY FOR US AND FOR THE JUDICIARY.
12                JUDGE HEYBURN:  SO YOU ARE RECOMMENDING
13    NORTHERN DISTRICT OF TEXAS EVEN THOUGH YOU HAVE ALREADY
14    WON PART OF THE CASE IN NEW YORK?
15                MR. KAISER:  WELL, WHEN WE FILED THE
16    PAPERS, WE CHOSE THE NORTHERN DISTRICT OF TEXAS FOR THE
17    CONVENIENCE REASONS THAT I HAVE CITED BUT AGAIN, WE ARE
18    PERFECTLY FINE GOING FORWARD IN THE SOUTHERN DISTRICT OF
19    NEW YORK AND MAYBE MORE FINE THAN WE WERE --
20                JUDGE HEYBURN:  EVEN FINER, RIGHT?
21                MR. KAISER:  BUT AGAIN, WE REALLY, WE
22    WERE FORCED TO CHOOSE BECAUSE WE ARE LITIGANTS BUT WE
23    NEVER REALLY FELT STRONGLY ONE WAY OR THE OTHER BUT --
24                JUDGE HEYBURN:  ALL RIGHT.  THANK YOU
25    VERY MUCH.
```

```
 1                     MR. KAISER:  THANK YOU.
 2                     JUDGE HEYBURN:  MR. MOLE.
 3                     MR. MOLE:  GOOD MORNING.  WE ARE ALSO
 4    VERY PLEASED TO BE IN THE SOUTHERN DISTRICT OF NEW YORK.
 5    IT'S THE VENUE THAT THE CONTRACTS SPECIFIES WHERE WE
 6    SHOULD BE, AND IT IS THE VENUE THAT SABRE HAD AGREED IN
 7    THE CONTRACT AT ISSUE IN NEW YORK THAT THEY WOULD NOT
 8    CHALLENGE THE CONVENIENCE OF.  IT'S A CONTRACT THAT WAS
 9    VERY RECENTLY ENTERED INTO, AND WE ARE CLAIMING OUR ARM
10    WAS TWISTED BUT THIS CONTRACT WAS ENTERED INTO IN
11    JANUARY, IN EARLY 2011.  THERE IS A LITIGATION IN TEXAS
12    BETWEEN AMERICAN AND TRAVELPORT AND NOW SABRE HAS JOINED
13    INTO THAT LITIGATION BUT THE CONTRACT THERE IS DIFFERENT
14    AND IF YOU LOOK AT THE CLAIMS NOW, AFTER WHAT JUDGE
15    CEDARBAUM DID ON THE MOTION TO DISMISS, YOU SEE IN BOTH
16    CASES, IN BOTH FEDERAL COURTS, THERE ARE A TOTAL OF
17    SEVEN CLAIMS CURRENTLY PENDING.  AND ONLY ONE HALF A
18    CLAIM COULD IN ANY WAY BE CONSIDERED COMMON.  THERE ARE
19    NO LONGER ANY MONOPOLIZATION CLAIMS IN THE SOUTHERN
20    DISTRICT OF NEW YORK.  THERE IS NO ISSUE OF A SABRE
21    SUB-MARKET IN THE SOUTHERN DISTRICT OF NEW YORK.  THERE
22    ARE TORTIOUS INTERFERENCE CLAIMS AGAINST SABRE THAT ARE
23    BROUGHT BY AMERICAN IN THE NORTHERN DISTRICT OF TEXAS.
24    THERE ARE NO TORTIOUS INTERFERENCE CLAIMS IN THE
25    SOUTHERN DISTRICT OF NEW YORK.  THERE IS A CLAIM IN THE
```

1    SOUTHERN DISTRICT OF NEW YORK OF A HORIZONTAL CONSPIRACY

2    AMONG THE GDS'S.  THERE IS NO SUCH CLAIM IN THE NORTHERN

3    DISTRICT OF TEXAS.  SO IF YOU REVIEW THE CLAIMS, WHAT

4    YOU ARE LEFT WITH IS ONE CLAIM THAT IF YOU WERE GOING TO

5    -- AND YOU WILL SEE IT THE BRIEFS, THERE IS A SECTION 1

6    CLAIM IN TEXAS AND THERE IS A SECTION 1 CLAIM IN NEW

7    YORK, AND THERE IS, BUT THE SECTION 1 CLAIM IN TEXAS

8    THAT WAS ORIGINALLY BROUGHT WAS BROUGHT AGAINST

9    TRAVELPORT AND ORBITZ, NEITHER OF WHOM ARE DEFENDANTS IN

10   NEW YORK.  THEY HAVE A SEPARATE CONTRACT WITH AMERICAN

11   AIRLINES.  WE ARE NOT INVOLVED IN THAT.  THAT IS NOT AN

12   ISSUE IN NEW YORK.

13                  JUDGE HEYBURN:  IS THERE AN ACTUAL CLAIM

14   AGAINST SABRE IN TEXAS OR NOT?

15                  MR. MOLE:  WELL NOW THERE IS; YES, THERE

16   IS.

17                  JUDGE HEYBURN:  THEY INTERVENED BUT I

18   DIDN'T KNOW WHETHER THERE WAS ACTUALLY A CLAIM IN --

19                  MR. MOLE:  YES, WHAT HAPPENED IS,

20   ORIGINALLY AMERICAN AIRLINES WAS PROCEEDING AGAINST

21   SABRE IN STATE COURT IN TEXAS IN FORT WORTH, AND WHAT

22   HAPPENED IS, SABRE, AFTER THEY WERE SUED IN THE SOUTHERN

23   DISTRICT BY U.S. AIR DECIDED THAT THEY WERE GOING TO

24   INTERVENE IN THE NORTHERN DISTRICT OF TEXAS AND THE SAME

25   DAY THEY DECIDED THEY WERE GOING TO INTERVENE AND FILE

1    THE MOTION TO INTERVENE AND GET THEMSELVES INVOLVED DOWN

2    THERE, THEY WERE JOINED AS THE DEFENDANT BY AMERICAN

3    AIRLINES.  SO THEY ARE NOW DOWN THERE BUT ALL THAT CAME

4    AFTER OUR CASE AND WHAT I WOULD POINT OUT, I ASK THE

5    COURT TO LOOK AT IS THE EVIDENCE ON EVEN THE SABRE

6    CLAIMS.  IF YOU LOOK AT WHAT AMERICAN AIRLINES IS

7    SAYING, THEY ARE SAYING THEY DOUBLED OUR FEES, THEY

8    THREATENED TO DOUBLE OUR FEES.  THEY THREATENED TO BIAS

9    US AND PUT US BACK IN THE LIST SO YOU COULD NOT FIND OUR

10   LISTINGS.  NONE OF THAT, EVEN ON THE SECTION 1 CLAIM IS

11   U.S. AIR'S CASE IN NEW YORK.  NONE OF IT.  AND SO WE

12   WOULD ASK THAT THE CASES REMAIN WHERE THEY ARE BECAUSE

13   THE PRESENCE OF THOSE STATE CASES, BOTH IN TEXAS AND

14   ILLINOIS MAKE IT MANDATORY THAT THE ONLY WAY TO

15   COORDINATE THINGS IS FOR COUNSEL TO WORK VOLUNTARILY,

16   WHICH WE HAVE ALREADY BEEN DOING.  I MEAN, WE HAVE A

17   PROTECTIVE ORDER IN THE SOUTHERN DISTRICT WE JUST AGREED

18   TO THAT SAYS IF THERE ARE DOCUMENTS HERE THAT RELATE TO

19   TEXAS, STATE OR FEDERAL, YOU CAN USE THEM THERE AND SO

20   WE WOULD ASK THAT WE BE LEFT IN MANHATTAN WITH JUDGE

21   CEDARBAUM.  THANK YOU VERY MUCH.

22              JUDGE HEYBURN:  THANK YOU VERY MUCH.  WE

23   WILL TAKE IT UNDER SUBMISSION.  APPRECIATE YOUR

24   ARGUMENTS.

25              - - - - - - - - - - -

```
 1

 2                    I CERTIFY THAT THE FOREGOING IS A CORRECT

 3     TRANSCRIPT FROM THE RECORD OF PROCEEDINGS IN THE

 4     ABOVE-ENTITLED MATTER.

 5

 6

 7

 8     DATE                         OFFICIAL COURT REPORTER

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

**1**

**1** [4] - 6:5, 6:6, 6:7, 7:10
**19106** [1] - 1:23
**19106-1797** [1] - 1:5
**1ST** [1] - 1:4

**2**

**2011** [1] - 5:11
**215)627-1882** [1] - 1:23
**2281** [2] - 1:12, 2:1

**6**

**601** [2] - 1:5, 1:22

**9**

**9-27-11** [1] - 1:6

**A**

**ABOVE-ENTITLED** [1] - 8:4
**ACTUAL** [1] - 6:13
**AGENTS** [1] - 2:14
**AGREED** [2] - 5:6, 7:17
**AIDED** [1] - 1:25
**AIR** [1] - 6:23
**AIR'S** [1] - 7:11
**AIRLINES** [9] - 2:10, 2:11, 2:14, 2:17, 3:8, 6:11, 6:20, 7:3, 7:6
**AIRWAYS** [5] - 2:18, 3:3, 3:6, 4:3, 4:5
**ALLEGING** [1] - 2:18
**AMERICAN** [10] - 2:17, 3:8, 3:9, 4:3, 5:12, 5:23, 6:10, 6:20, 7:2, 7:6
**ANTITRUST** [2] - 2:2, 2:9
**APPEARANCES** [1] - 1:13
**APPRECIATE** [1] - 7:23
**ARGUMENTS** [1] - 7:24
**ARM** [1] - 5:9
**ATTENTION** [1] - 3:9
**AUTHORIZED** [1] - 3:22
**AVOID** [2] - 4:8, 4:9

**B**

**BARBADORO** [1] - 1:11
**BARBARA** [1] - 1:10
**BETWEEN** [1] - 5:12
**BIAS** [1] - 7:8
**BOARD** [1] - 2:13
**BRIEFS** [1] - 6:5
**BROUGHT** [6] - 2:17, 2:18, 3:8, 5:23, 6:8
**BURDEN** [1] - 3:18
**BUSINESS** [1] - 2:13
**BYRNE** [1] - 1:4

**C**

**CADWALADER** [1] - 1:18
**CASE** [9] - 3:4, 3:6, 3:8, 3:20, 3:23, 4:10, 4:14, 7:4, 7:11
**CASES** [14] - 2:2, 2:6, 2:9, 2:16, 2:20, 2:22, 2:23, 2:25, 3:18, 3:21, 4:4, 5:16, 7:12, 7:13
**CEDARBAUM** [4] - 3:2, 3:11, 5:15, 7:21
**CENTRAL** [1] - 4:2
**CENTRALIZED** [2] - 3:1, 3:23
**CEREMONIAL** [1] - 1:4
**CERTIFIED** [1] - 1:21
**CERTIFY** [1] - 8:2
**CHAIRMAN** [1] - 1:9
**CHALLENGE** [1] - 5:8
**CHOOSE** [1] - 4:22
**CHOSE** [1] - 4:16
**CITED** [1] - 4:17
**CLAIM** [10] - 5:18, 5:25, 6:2, 6:4, 6:6, 6:7, 6:13, 6:18, 7:10
**CLAIMING** [1] - 5:9
**CLAIMS** [10] - 3:5, 3:6, 5:14, 5:17, 5:19, 5:22, 5:24, 6:3, 7:6
**CLEARLY** [1] - 3:20
**CLEARY** [1] - 1:15
**CLIENT** [1] - 2:12
**CLOSER** [1] - 4:6
**CM** [1] - 1:21
**COMMON** [1] - 5:18
**COMPLAINING** [1] - 2:19
**COMPUTER** [2] - 1:24, 1:25
**COMPUTER-AIDED** [1] - 1:25
**CONCERN** [2] - 4:7, 4:8
**CONDUCT** [2] - 2:15, 2:19
**CONGRESS** [1] - 3:22
**CONSIDERED** [1] - 5:18
**CONSOLIDATE** [1] - 3:21
**CONSPIRACY** [1] - 6:1
**CONTRACT** [5] - 5:7, 5:8, 5:10, 5:13, 6:10
**CONTRACTS** [4] - 2:13, 2:14, 2:20, 5:5
**CONVENIENCE** [2] - 4:17, 5:8
**COORDINATE** [1] - 7:15
**COORDINATING** [1] - 3:14
**COORDINATION** [1] - 2:8
**CORP** [1] - 1:16
**CORRECT** [1] - 8:2
**COUNSEL** [1] - 7:15
**COUNTRY** [1] - 2:12
**COURSE** [1] - 3:9
**COURT** [3] - 6:21, 7:5, 8:8
**COURTHOUSE** [2] - 1:4, 1:22
**COURTROOM** [1] - 1:4
**COURTS** [1] - 5:16

**D**

**DALLAS** [1] - 4:6
**DAMRELL** [1] - 1:10
**DATE** [1] - 8:8
**DC** [2] - 1:15, 1:18
**DEAL** [1] - 4:10
**DECIDED** [2] - 6:23, 6:25
**DEFENDANT** [1] - 7:2
**DEFENDANTS** [1] - 6:9
**DEMONSTRATES** [1] - 2:25
**DIFFERENT** [1] - 5:13
**DISCOVERY** [4] - 2:8, 2:10, 3:17, 4:9
**DISMISS** [1] - 5:15
**DISMISSED** [1] - 3:4
**DISPOSITIVE** [1] - 4:9
**DISPUTE** [1] - 3:25
**DISTRIBUTION** [2] - 1:12, 2:2
**DISTRICT** [17] - 2:16, 2:18, 3:3, 4:1, 4:13, 4:16, 4:18, 5:4, 5:20, 5:21, 5:23, 5:25, 6:1, 6:3, 6:23, 6:24, 7:17
**DOCUMENTS** [1] - 7:18
**DOUBLE** [1] - 7:8
**DOUBLED** [1] - 7:7
**DOWN** [2] - 7:1, 7:3

**E**

**EARLY** [1] - 5:11
**EFFICIENTLY** [1] - 4:11
**END** [1] - 4:7
**ENTERED** [2] - 5:9, 5:10
**ENTITLED** [1] - 8:4
**ESQUIRE** [2] - 1:14, 1:17
**EVIDENCE** [1] - 7:5

**F**

**FACING** [2] - 2:22, 3:15
**FACT** [1] - 2:24
**FACTS** [1] - 3:12
**FAR** [1] - 2:24
**FEDERAL** [3] - 1:21, 5:16, 7:19
**FEED** [2] - 3:17, 3:18
**FEES** [2] - 7:7, 7:8
**FELT** [1] - 4:23
**FILE** [1] - 6:25
**FILED** [2] - 3:4, 4:15
**FINE** [2] - 4:18, 4:19
**FINER** [1] - 4:20
**FIRST** [1] - 1:22
**FLOOR** [2] - 1:4, 1:22
**FOLLOW** [1] - 3:10
**FORCED** [1] - 4:22
**FOREGOING** [1] - 8:2
**FORT** [1] - 6:21
**FORWARD** [1] - 4:18
**FOUR** [1] - 2:11
**FRANK** [1] - 1:10
**FUNDAMENTALLY** [1] - 2:7

**G**

**GDS'S** [1] - 6:2
**GEOGRAPHICALLY** [1] - 4:2
**GLOBAL** [2] - 1:12, 2:2
**GOTTLIEB** [1] - 1:15
**GROUP** [1] - 2:6

**H**

**HALF** [1] - 5:17
**HAMILTON** [1] - 1:15
**HEADQUARTERED** [3] - 4:3, 4:4, 4:5
**HEARING** [1] - 1:3
**HEYBURN** [9] - 1:8, 2:1, 4:12, 4:20, 4:24, 5:2, 6:13, 6:17, 7:22
**HOLDINGS** [1] - 1:16
**HORIZONTAL** [1] - 6:1

**I**

**IDENTICAL** [1] - 2:21
**II** [1] - 1:8
**ILLINOIS** [1] - 7:14
**IMAGINE** [1] - 3:7
**IMMEDIATELY** [1] - 3:6
**IMPORTANT** [2] - 2:9, 3:16
**INC** [1] - 1:16
**INCONSISTENT** [2] - 3:16, 4:8
**INTERFERENCE** [2] - 5:22, 5:24
**INTERNATIONAL** [1] - 1:16
**INTERVENE** [3] - 6:24, 6:25, 7:1
**INTERVENED** [1] - 6:17
**INVOLVED** [2] - 6:11, 7:1
**ISSUE** [8] - 2:7, 2:9, 2:22, 3:14, 3:15, 5:7, 5:20, 6:12
**ISSUES** [2] - 3:17, 4:9

**J**

**JAMES** [1] - 1:4
**JANUARY** [1] - 5:11
**JOHN** [1] - 1:8
**JOINED** [2] - 5:12, 7:2
**JONES** [1] - 1:10
**JR** [1] - 1:10
**JUDGE** [16] - 2:1, 3:2, 3:9, 3:10, 3:13, 4:10, 4:12, 4:20, 4:24, 5:2, 5:14, 6:13, 6:17, 7:20, 7:22
**JUDICIAL** [1] - 1:1
**JUDICIARY** [3] - 3:1, 3:19, 4:11

Case TXN/4:11-cv-00244   Document 26   Filed 10/25/11   Page 10 of 10

10

**K**

**KAISER** [6] - 1:14, 2:3, 2:4, 4:15, 4:21, 5:1
**KATHRYN** [1] - 1:10
**KEY** [1] - 3:5

**L**

**LAST** [1] - 2:6
**LAWYERS** [1] - 3:14
**LEFT** [3] - 2:11, 6:4, 7:20
**LEGACY** [1] - 2:11
**LIST** [1] - 7:9
**LISTINGS** [1] - 7:10
**LITERALLY** [1] - 2:21
**LITIGANTS** [1] - 4:22
**LITIGATED** [1] - 3:13
**LITIGATION** [5] - 1:2, 1:7, 1:12, 5:11, 5:13
**LLP** [2] - 1:15, 1:18
**LOCATION** [1] - 1:3
**LOOK** [3] - 5:14, 7:5, 7:6
**LOOKING** [1] - 2:15
**LTD** [1] - 1:16

**M**

**MANDATORY** [1] - 7:14
**MANHATTAN** [1] - 7:20
**MARJORIE** [1] - 1:10
**MARKET** [3] - 1:5, 1:22, 5:21
**MATTER** [1] - 8:4
**MDL** [1] - 1:12
**MEAN** [1] - 7:16
**MEANS** [3] - 3:9, 3:10, 3:13
**MENTIONED** [1] - 4:5
**MIGHT** [1] - 3:7
**MOLE** [4] - 5:2, 5:3, 6:15, 6:19
**MOLL** [1] - 1:17
**MONOPOLIZATION** [1] - 5:19
**MORNING** [1] - 5:3
**MOST** [2] - 4:2, 4:10
**MOTION** [2] - 5:15, 7:1
**MULTIDISTRICT** [2] - 1:2, 1:7

**N**

**NEVER** [1] - 4:23
**NEW** [15] - 2:18, 3:3, 4:6, 4:14, 4:19, 5:4, 5:7, 5:20, 5:21, 5:25, 6:1, 6:6, 6:10, 6:12, 7:11
**NEXT** [1] - 2:1
**NONE** [2] - 7:10, 7:11
**NORTHERN** [7] - 2:16, 4:1, 4:13, 4:16, 5:23, 6:2, 6:24

**O**

**OBVIOUSLY** [1] - 3:21
**OFFICIAL** [1] - 8:8
**ONE** [7] - 2:16, 2:17, 4:4, 4:10, 4:23, 5:17, 6:4
**OPINION** [1] - 3:8
**ORBITZ** [1] - 6:9
**ORDER** [1] - 7:17
**ORIGINALLY** [2] - 6:8, 6:20
**OWN** [1] - 3:11

**P**

**PANEL** [5] - 1:1, 1:7, 2:4, 3:20, 3:21
**PAPERS** [2] - 3:4, 4:16
**PART** [1] - 4:14
**PARTIES** [2] - 3:7, 3:19
**PAST** [1] - 3:22
**PAUL** [1] - 1:11
**PENDING** [2] - 4:5, 5:17
**PERFECTLY** [1] - 4:18
**PETER** [1] - 1:17
**PHILADELPHIA** [2] - 1:5, 1:23
**PHOENIX** [1] - 4:6
**PLEASED** [1] - 5:4
**POINT** [2] - 3:13, 7:4
**PRACTICES** [1] - 2:13
**PRESENCE** [1] - 7:13
**PRETRIAL** [2] - 3:16, 3:23
**PRIMARY** [2] - 4:7, 4:8
**PROCEEDING** [1] - 6:20
**PROCEEDINGS** [3] - 1:24, 3:24, 8:3
**PRODUCED** [1] - 1:25
**PROTECTIVE** [1] - 7:17
**PUT** [2] - 3:18, 7:9

**R**

**RE** [1] - 1:12

**REALLY** [5] - 2:25, 3:15, 3:23, 4:21, 4:23
**REALTIME** [1] - 1:21
**REASONS** [1] - 4:17
**RECENTLY** [1] - 5:9
**RECOMMENDING** [1] - 4:12
**RECORD** [1] - 8:3
**RECORDED** [1] - 1:24
**RELATE** [1] - 7:18
**REMAIN** [1] - 7:12
**RENDELL** [1] - 1:10
**REPORTER** [2] - 1:21, 8:8
**REPRESENTING** [2] - 1:16, 1:19
**REVIEW** [1] - 6:3
**RULE** [1] - 3:13
**RULINGS** [2] - 3:16, 4:8

**S**

**SABRE** [12] - 1:16, 2:12, 5:6, 5:12, 5:20, 5:22, 6:14, 6:21, 6:22, 7:5
**SABRE'S** [2] - 2:12, 2:15
**SECTION** [4] - 6:5, 6:6, 6:7, 7:10
**SEE** [2] - 5:15, 6:5
**SEPARATE** [1] - 6:10
**SESSION** [1] - 1:3
**SEVEN** [1] - 5:17
**SIMILAR** [1] - 2:20
**SITUATION** [2] - 2:5, 2:6
**SOUTHERN** [10] - 2:17, 3:3, 4:18, 5:4, 5:19, 5:21, 5:25, 6:1, 6:22, 7:17
**SPECIFIES** [1] - 5:5
**STATE** [3] - 6:21, 7:13, 7:19
**STATES** [2] - 1:1, 1:4
**STEEN** [1] - 1:15
**STENOTYPE** [1] - 1:24
**STENOTYPE-COMPUTER** [1] - 1:24
**STEVEN** [1] - 1:14
**STREET** [2] - 1:5, 1:22
**STRONGLY** [1] - 4:23
**SUB** [1] - 5:21
**SUB-MARKET** [1] - 5:21
**SUBMISSION** [1] - 7:23
**SUED** [2] - 2:12, 6:22
**SUGGESTED** [1] - 4:1
**SUZANNE** [1] - 1:21
**SYSTEMS** [1] - 2:2
**SYSTEMS(GDS) ANTITRUST** [1] - 1:12

**T**

**TAFT** [1] - 1:18
**TEXAS** [15] - 2:16, 3:8, 4:1, 4:13, 4:16, 5:11, 5:23, 6:3, 6:6, 6:7, 6:14, 6:21, 6:24, 7:13, 7:19
**THEMSELVES** [1] - 7:1
**THERE** [22] - 2:9, 3:25, 5:11, 5:13, 5:16, 5:18, 5:20, 5:21, 5:24, 5:25, 6:2, 6:5, 6:6, 6:7, 6:13, 6:15, 6:18, 7:2, 7:3, 7:18, 7:19
**THREATENED** [2] - 7:8
**TORTIOUS** [2] - 5:22, 5:24
**TOTAL** [1] - 5:16
**TRANSCRIPT** [2] - 1:25, 8:3
**TRANSCRIPTION** [1] - 1:25
**TRAVEL** [2] - 1:16, 2:14
**TRAVELPORT** [2] - 5:12, 6:9
**TUESDAY** [1] - 1:6
**TWISTED** [1] - 5:10
**TWO** [10] - 2:6, 2:10, 2:11, 2:16, 2:22, 2:23, 3:4, 3:5, 3:21

**U**

**U.S** [6] - 2:18, 3:3, 3:6, 4:5, 6:23, 7:11
**UNDER** [1] - 7:23
**UNFORTUNATE** [1] - 2:5
**UNILATERAL** [1] - 2:15
**UNITED** [2] - 1:1, 1:4
**USAIR** [1] - 1:19
**USUAL** [1] - 3:20

**V**

**VENUE** [3] - 3:25, 5:5, 5:6
**VOLUNTARILY** [1] - 7:15
**VRATIL** [1] - 1:10

**W**

**WASHINGTON** [2] - 1:15, 1:18
**WHITE** [1] - 1:21
**WICKERSHAM** [1] - 1:18
**WON** [1] - 4:14
**WORTH** [1] - 6:21

**Y**

**YORK** [15] - 2:18, 3:3, 4:6, 4:14, 4:19, 5:4, 5:7, 5:20, 5:21, 5:25, 6:1, 6:7, 6:10, 6:12, 7:11